(91 Misc. Rep. 255)

OSTRANDER v. BRICKA et al.

(Supreme Court, Special Term, Erie County.   July, 1915.)

1. SALES ⊜⇒459—"CONDITIONAL SALE"—TITLE.
    Where the money paid was either paid on the purchase price of furniture or as rent, and upon full payment of the amount agreed to be the purchase price title was to vest in the buyer, the transaction was a "conditional sale," within Personal Property Law (Consol. Laws, c. 41) § 65, providing for the sale of property retaken by the seller and prescribing the buyer's rights.
    . [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1337–1347; Dec. Dig. ⊜⇒459.
    For other definitions, see Words and Phrases, First and Second Series, Conditional Sale.]

2. SALES ⊜⇒481—CONDITIONAL SALE—STATUTORY RIGHTS OF BUYER—"RETAKEN BY THE VENDOR OR HIS SUCCESSOR IN INTEREST."
    Personal Property Law, § 65, provides that on conditional sale, where goods are "retaken by the vendor or his successor in interest," they shall be retained for 30 days thereafter, during which the buyer may comply with the contract, and that unless the seller or his successor in interest, within 30 days thereafter, sells them at public auction, the buyer may recover of the seller the amount paid under the contract. *Held,* that the seller's assignment of a lease of furniture was not inconsistent with its possession by the buyer; but, when such assignee discharged the buyer from her employment of managing a rooming house and ordered her out of the house, the furniture was "retaken by the vendor or his successor in interest," and, where not sold at auction within 60 days from the sale, the seller was liable to the buyer for the amount paid thereon.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1449–1455; Dec. Dig. ⊜⇒481.]

Appeal from City Court of Buffalo.

Action by Mary A. Ostrander against Charles F. Bricka and another.   From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Paul Sheehan, of Buffalo, for appellant.
J. H. Madden, for respondents.

BROWN, J.   The plaintiff claims that she purchased of the defendants in April, 1904, furniture for which she agreed to pay upwards of $900, in payments of $20 per month, and that until the full payment of the purchase price the title to the furniture was to remain in the defendants; that up to January, 1907, she had paid thereon the sum of $492.   It appears that in 1904 there was some paper writing executed by the parties; the plaintiff claiming that it embodied the terms of the conditional sale above specified.   The defendants deny that they sold the furniture to the plaintiff, asserting that they simply leased the same to her, and that the monthly payment was not to apply on a purchase price, but was simply rental for the use of the furniture, and that the plaintiff was not to become owner of the furniture in any event.   Unfortunately the paper was not produced upon the argument of the appeal, although it was used upon the trial

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in the court below; it having been lost since the trial and no copy having been preserved. In January, 1908, the plaintiff being in default as to the payment due the defendants upon the contract of sale or lease, whatever it was, the defendants accepted from one Jennie L. Pierce the sum of $200, and thereupon wrote upon the back of the contract or lease the following:

. "January 7, 1908.

"For value received, we hereby transfer and assign all our right, title, and interest of this lease, and moneys due or to grow due thereon, without recourse to Jennie L. Pierce.　　　　　　　　　　Bricka & Enos."

This paper was delivered to the assignee, Jennie L. Pierce. Jennie L. Pierce went to her home, where the plaintiff was employed by Jennie L. Pierce in running a rooming house, and where the furniture was used by the plaintiff in such business, and thereupon discharged the plaintiff from such employment and ordered her out of the house. The plaintiff then left the premises, leaving the furniture with Jennie L. Pierce, who claimed to be the owner thereof by virtue of the assignment of the contract to her. The plaintiff brings this action, contending that under section 65 of the Personal Property Law she is entitled to recover from the defendants all the moneys she paid to them on the purchase price of the furniture; that the defendants having retaken the furniture by the assignment of the lease to Pierce, and not having sold the same by public auction, there is due plaintiff from the defendants the sum of $492 and interest for six years.

Section 65 of the Personal Property Law reads as follows:

"Whenever articles are sold upon the condition that the title thereto shall remain in the vendor, or in some other person than the vendee, until the payment of the purchase price, or until the occurrence of a future event or contingency, and the same are retaken by the vendor, or his successor in interest, they shall be retained for a period of thirty days from the time of such retaking, and during such period the vendee or his successor in interest, may comply with the terms of such contract, and thereupon receive such property. After the expiration of such period, if such terms are not complied with, the vendor, or his successor in interest, may cause such articles to be sold at public auction. Unless such articles are so sold within thirty days after the expiration of such period, the vendee or his successor in interest may recover of the vendor the amount paid on such articles by such vendee or his successor in interest under the contract for the conditional sale thereof."

Plaintiff's right to recover depends upon two important conditions, viz.: First, that she purchased the furniture and was to have title when she paid $946; and, second, that the defendants, or their successor in interest, retook possession thereof under the contract of sale. It was established that no sale of the furniture was had by public auction as provided by statute.

[1] The testimony on the trial will warrant no other conclusion than that the furniture was to become the property of the plaintiff when she paid the full purchase price. Treating the moneys paid either as being payments on the purchase price or as being rent for the use of the furniture, the transaction must be construed as a conditional sale, if upon full payment of the amount agreed to be the purchase price title to the furniture was to vest in the vendee. Hoff-

man v. White Sewing Machine Co., 123 App. Div. 166, 108 N. Y. Supp. 253; Hurley v. Allman Gas Engine, 144 App. Div. 300, 129 N. Y. Supp. 14; Moore v. Bloomingdale (Sup.) 126 N. Y. Supp. 126; Plumiera v. Bricka, 79 Misc. Rep. 468, 140 N. Y. Supp. 171; Lefkoff v. Bauch, 90 Misc. Rep. 294, 152 N. Y. Supp. 1090.

Upon the trial the defendants' bookkeeper identified the paper writing, then produced· and shown him, as a lease and contract between plaintiff and defendants, stating that it showed the amount of furniture purchased by plaintiff to be $962.08. It thus appeared, and it must be assumed, that the complaint was not dismissed for the reason that the plaintiff had failed to prove a purchase of. the furniture. From the affidavits presented as to the contents of the lost contract or lease, it is assumed on this appeal that the paper contained a provision that the title to the furniture was to remain in the defendants as vendors until it was paid for.

When the assignment of the lease was introduced in evidence, the trial court remarked that the assignment put the plaintiff out of court; that the defendants had a right to assign the lease. As the complaint could not have been dismissed on the ground that plaintiff had not proved a conditional sale, it must be assumed that the complaint was dismissed for the reason that the assignment was not proof of a retaking of the furniture by the vendors within section 65 of the Personal Property Law.

[2] The statute above quoted provides that if the articles sold on condition are "retaken by the vendor, or his successor in interest," and not sold at public auction within 60 days, then "the vendee or his successor in interest may recover of the vendor the amount paid on such articles by such· vendee or his successor in interest under the contract for the conditional sale thereof." It is asserted by the defendants that the furniture was not retaken by them, or their successor in interest, Jennie L. Pierce, within the meaning of this statute; that, while they assigned the contract to Jennie L. Pierce, they did not sell the furniture to her. The plaintiff asserts that an assignment of the lease or contract carried with it the title to the furniture, and that within Crowe v. Liquid Carbonic Co., 208 N. Y. 401, 102 N. E. 573, it was such a retaking, the exercising of an act of ownership which was inconsistent with its possession by the vendee, and that thereby the defendants asserted their right to the possession of the property.

It undoubtedly is true that by assigning all their interest in the lease and the moneys due or to grow due thereon the defendants. parted with all their right, title, and interest in everything that depended upon the contract or lease for its existence, or that was created thereby. The defendants' assignee became vested with all property rights that in and by the paper itself had theretofore been the property of the defendants. The assignee was certainly the "successor in interest" to the defendants within the terms of the statute. She succeeded to all their interest in the furniture, and to all their rights and remedies to collect the unpaid purchase price; and all liens, securities, and title that had theretofore been the property of the defendants passed to her under the assignment. The defendants there-

upon ceased to have any interest whatever in the furniture, or in the privileges and rights defined and set forth in the paper. This successor in interest discharged the plaintiff from her employ, stated that she had bought the furniture from the defendants, and turned the plaintiff out of doors. If this was not a retaking of the furniture under the contract by the vendor's successor in interest it is difficult to see what would be such a retaking. The statute is that, unless the successor in interest of the vendor sells by public auction within 60 days, then the vendee may recover from the vendor (not the vendor's successor in interest) the amount theretofore paid on the purchase price.

The allegation, however, of the complaint, is that the defendants took possession of the furniture, not that their successor in interest did so. It is not believed that the assigning of the lease by the defendants was an act of ownership which was inconsistent with the possession of the furniture by the vendee. When proof was received without objection from the defendants that it was their successor in interest that retook the furniture, the plaintiff established a cause of action under the statute. The vendor becomes liable when his successor in interest retakes possession and no public sale is had. It is not necessary that the vendor should retake possession in order to create a liability against him, and the trial court was undoubtedly correct in holding that the assignment of the lease was not a retaking. The trial court, however, apparently overlooked the statutory provision that, if the vendor's assignee takes possession, then the vendor becomes liable for all purchase moneys paid, provided no public sale is had within 60 days.

These conclusions lead to a reversal of the judgment, and, as the amounts of the payments are so uncertain from the record that a final judgment cannot be safely directed, a new trial is ordered in the City Court, with costs to the plaintiff.